IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Edmond Jerome Mayes, # 281710, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>Warden Leroy Cartledge, )<br>)<br>Respondent. )<br>) | Civil Action No. 6:14-4649-TMC-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the district court.

## BACKGROUND

The petitioner is currently incarcerated at the Walden Correctional Institution in the South Carolina Department of Corrections ("SCDC"). The petitioner was indicted by the Greenville County Grand Jury in October 2009 for resisting arrest and in September 2010 for trafficking cocaine (app. 96–99). The petitioner was represented by Scott Robinson. Julie Anders, Assistant Solicitor with the Thirteenth Circuit Solicitor's Office, represented the State. On February 8, 2011, the petitioner pled guilty to both charges before the Honorable G. Edward Welmaker, South Carolina Circuit Judge (app. 1). Judge Welmaker accepted the negotiated plea and sentenced the petitioner to concurrent ten-

year sentences on each charge with credit for time served (app. 12–14). The petitioner did not file a direct appeal.

## FACTS

On May 16, 2008, Greenville County deputies attempted to serve a probation violation warrant on the petitioner while he was working as manager of a bar in Greenville County (app. 7). When the deputies stated the reason for their visit, the petitioner gave a false name and attempted to flee into the woods. When the deputies caught up with him, the petitioner approached the officers with balled fists, and he was tasered. However, the taser was ineffective, and the petitioner was on the ground kicking the arresting deputy, breaking the deputy's finger.[1] Several officers were needed to subdue the petitioner (app. 8).

On February 23, 2010, the petitioner was arrested on a separate active probation violation warrant. During the search incident to his arrest, police officers discovered a plastic bag containing 10.41 grams of cocaine in the petitioner's shoe. The petitioner admitted to ownership of the cocaine (app. 8–9).

*PCR*

On April 18, 2011, the petitioner filed an application for post conviction relief ("PCR") (app. 16–22). The petitioner raised the following issues in his application:

> (1) Ineffective Assistance of Counsel:
> a. Advised the Applicant the charges were classified as non-violent and parole eligible.

---

[1]In his response to the motion for summary judgment, the petitioner states that his kicking was caused by the taser:

> Officer B. Tollison also stated, "I activated my taser and placed it against his ribs. The suspect began jerking away and kicking." I, Petitioner, was tased numerous times and went into shock: that caused me to jerk and kick, causing the officer to get kicked. So, therefore, the kick was caused by the officer's actions, so the kick was not intentionally delivered.

(Doc. 21, resp. to m.s.j. at 1).

2

        b. Failed to inform of the right to appeal.

    (2) Involuntary guilty plea.

(App. 17, 22). In a *pro se* document titled "Amendments to Application for Post-Conviction Relief" filed February 13, 2013, the petitioner made the following allegations:

> (1) Ineffective Assistance of Counsel:
>    a. Failure to investigate the facts surround the circumstances of the arrest.
>    b. Failure to assist in deciding whether to plead guilty.
>    c. Failure to communicate the written six year plea offer.
>    d. Failure to familiarize himself with the case.
>    e. Failure to impart an understanding of the law in relation to the facts.
>    f. Misadvised about the potential sentence.
>    g. Misadvised there was no potential defense.
>    h. Coerced the Applicant into pleading guilty.
>    i. Failure to advise about the right to appeal.
>
> (2) Involuntary guilty plea.

(App. 23-39, 89). On behalf of the State, Assistant Attorney General Karen Ratigan made a Return on June 27, 2011 (app. 40–45).

An evidentiary hearing was conducted on February 13, 2013, before the Honorable William Jeffrey Young, South Carolina Circuit Judge (app. 47). In his Order of Dismissal filed March 15, 2013, Judge Young found that the petitioner failed to establish "any constitutional violations or deprivations before or during his guilty plea and sentencing proceedings. Counsel was not deficient and [the petitioner] was not prejudiced by counsel's representation." The petitioner's application was denied and dismissed *with prejudice*, and the petitioner was remanded to the custody of the respondent (app. 88–95).

*PCR Appeal*

The petitioner's PCR counsel timely filed a Notice of Appeal on the petitioner's behalf. Robert Pachak of the South Carolina Commission on Indigent Defense, Division of Appellate Defense, represented the petitioner on PCR appeal. Appellate counsel filed a *Johnson* Petition for Writ of Certiorari in the South Carolina Supreme Court on

September 20, 2013 (doc. 15-3, *Johnson* pet.). *See Johnson v. State*, 364 S.E.2d 201, 201 (S.C. 1988) (*per curiam*) ("This Court has approved the withdrawal of counsel in meritless post-conviction appeals, provided the procedures outlined in *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), were followed."). The petitioner's appellate counsel presented the following issue: "Whether plea counsel was ineffective in incorrectly advising petitioner that the charges he was pleading guilty to were classified as non-violent and parole eligible?" In conjunction with the *Johnson* petition, appellate counsel filed a petition to be relieved as counsel, citing that "[i]n his opinion seeking certiorari from the order of dismissal [was] without merit" (doc. 15-3, *Johnson* pet. at 7). The petitioner filed a *pro se* petition for certiorari citing no additional grounds (doc. 15-4). By order filed August 21, 2014, the South Carolina Supreme Court denied the Petition for Writ of Certiorari and granted appellate counsel's petition to be relieved (doc. 15-5). The Remittitur was issued on September 8, 2014 (doc. 15-6).

## FEDERAL PETITION

On December 10, 2014, the petitioner filed his § 2254 petition (doc. 1). On February 17, 2015, the respondent filed a motion for summary judgment (doc. 14). By order filed February 18, 2015, pursuant to *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion (doc. 16). On March 30, 2015, the petitioner filed a response in opposition to the motion for summary judgment (doc. 21).

In his federal habeas petition, the petitioner makes the following claims:

**Ground One**: Ineffective Assistance of Counsel

**Supporting Facts:** Petitioner was denied his six [*sic*] and [F]ourteenth Amendment Rights to an effective assistance of counsel, [i]nsofar as his trial counsel failed to provide representation and these omissions were prejudicial to his defense. My counsel failed to properly investigate the facts surrounding the circumstances that lead [*sic*] to my arrest. It

4

has been clearly established that the amount of pre-trial research, or lack thereof, can most definitely affect the outcome of a criminal defendant[']s trial.

**Ground Two**: Did not knowingly or Intelligently plead guilty

**Supporting Facts:** (1) Counsel did not actually or substantially assist me in deciding weather [*sic*] to plea[d] guilty or not (2) Counsel['s] failure to communicate to me a written plea offer whereby state would recommend six-year sentence in exchange for my guilty plea (3) Counsel did not familiarize himself with the facts of the case (4) Counsel did not impart to me an understanding of the law on the relation of the facts (5) Counsel issued erroneous advice to me as to the length of sentence I would receive by entering my plea (6) Counsel "coerced" me into entering my plea, by making threats as to the length of sentence I would get by not by not plea[d]ing.

**Ground Thre**e: Coearsed [*sic*] into plea of guilty

**Supporting Facts**: In this regard, the applicant contends that his counsel[']s failure to communicate to Applicant a written plea offer whereby state would recommend a lesser sentence in exchange for my guilty plea, and that from the outset, counsel began to speak of a guilty plea, which counsel saw and portrayed as the applicant[']s only opportunity for a reduced sentence.  The defense counsel has failed to inform a defendant of a plea offer, the federal courts have been unanimous in finding that such conduct constitutes a violation of the defendant[']s Sixth Amendment[] Constitutional right.

**Ground Four**: Counsel failed to advise client as to his rights to appeal

**Supporting Facts**: In addition, the counsel failed to advise me to my right to appeal.  The accused is entitled to be made aware of his right to appeal, as an element of effective assistance of counsel.  The applicant was not advise[d] of his right here, doubtlessly because at the time counsel misrepresentation of the facts were not clearly understood by me.  None the less even if his advice or the point would have amounted to a mere formality, the accused was nonetheless entitled to at least be made aware of his right to appeal, even in the wake of his plea.

(Doc. 1, pet. 1–14).

## APPLICABLE LAW AND ANALYSIS

*Summary Judgment Standard*

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Commc's Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248.

*Exhaustion*

Before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203, SCACR; S.C. Code Ann. §§ 17–27–10,–90; *Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C.1976). If the PCR court fails to address a claim as is required by South Carolina Code § 17–27–80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP to preserve the issue for appellate review. *Marlar v. State*, 653 S.E.2d 266, 267 (S.C. 2007).[2]

The South Carolina Supreme Court has held that the presentation of claims to the state court of appeals without more is sufficient to exhaust state remedies for federal habeas corpus review. *State v. McKennedy*, 559 S.E.2d 850 (S.C. 2002); *see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 471 S.E.2d 454 (S.C. 1990). In *McKennedy*, the South Carolina Supreme Court specifically held that *In re Exhaustion* had placed discretionary review by the South Carolina Supreme Court "outside of South Carolina's ordinary appellate review procedure pursuant to *O'Sullivan [v. Boerckel*, 526 U.S. 838 (1999)]." 559 S.E.2d at 854. Accordingly, a claim would not be procedurally barred from review in this court for failure to pursue review in the South Carolina Supreme Court after an adverse decision in the South Carolina Court of Appeals, either after a direct appeal or after pursuing relief in a PCR petition.

A habeas petitioner must first present his claim to the court in a manner in which it may be reviewed on the merits. *Harris v. Reed*, 489 U.S. 255, 262 (1989); *Coleman*

---

[2]In *Bostick v. Stevenson*, 589 F.3d 160, 162–65 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007, decision in *Marlar*, South Carolina courts had not been uniformly and strictly enforcing the failure to file a motion pursuant to Rule 59(e), SCRCP, as a procedural bar. Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

*v. Thompson*, 501 U.S. 722, 735 (1991). It is well settled in South Carolina that "[i]ssues not raised and ruled upon in the trial court will not be considered on appeal." *State v. Dunbar*, 587 S.E.2d 691, 693-94 (S.C. 2003). Moreover, it is not enough that the argument presented stems from the same factual scenario; rather, the legal argument must be the same as the argument presented below. *See, e.g., State v. Haselden*, 577 S.E.2d 445, 448 (S.C. 2003) (finding differing ground for objection did not preserve issue presented for review: defendant's objection on relevancy did not preserve argument the evidence was improper character evidence); *State v. Caldwell*, 662 S.E.2d 474, 482 (S.C. Ct. App. 2008) ("Because the argument raised on appeal does not appear to have been specifically raised below, it may not be preserved on appeal.").

The petitioner has technically exhausted his administrative remedies in this case. The petitioner's direct appeal remedy is no longer available as the time for filing a direct appeal expired ten days after the entry of his February 8, 2011, guilty plea and sentencing. *See* S.C.A.C.R. 203(b)(2). The petitioner's PCR application was dismissed, he appealed the dismissal, and certiorari was denied. As will be discussed below, the respondent argues that the petitioner's grounds are procedurally barred from review.

### *Procedural Bypass*

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner seeks habeas corpus relief on an issue after he failed to raise that issue at the appropriate time in state court and has no further means of bringing that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. Procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if the state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

If a prisoner has failed to file a direct appeal or a PCR application and the deadlines for filing have passed, he is barred from proceeding in state court. If the state

courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. As the Supreme Court has explained:

> [State procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10–11 (1984).

The petitioner raised each of his instant four grounds in either his PCR application or his amendments thereto (app. 16-39); however, the PCR court only ruled upon his present Grounds One, Two, and Three regarding ineffective assistance of counsel and the voluntariness of his guilty plea (app. 88–95). Of those issues ruled upon by the PCR court, only one issue was raised in the PCR appeal: "Whether plea counsel was ineffective in incorrectly advising petitioner that the charges he was pleading guilty to were classified as non-violent and parole eligible?" (*see* doc. 15-3, *Johnson* pet. at 3; doc. 15-4, *pro se* pet.). This issue is more generally raised by the petitioner in his federal petition as Subpart Five of Ground Two: "Counsel issued erroneous advice to me as to the length of sentence I would receive by entering my plea" (doc. 1, pet. at 7; *see* doc. 21, resp. to m.s.j. at 5). Ground Four, the petitioner's allegation of counsel's failure to advise of the right to appeal, was not specifically ruled upon by the PCR court. The PCR judge ruled that any claim for which no evidence was presented at the hearing was waived, denied, and dismissed (app. 94). A Rule 59(e) Motion to Alter or Amend was not filed following that Order of Dismissal (app. 94). *See Marlar*, 653 S.E.2d at 267 (failure to file Rule 59 Motion to alter or amend judgment to address issue otherwise not addressed in court order results in that issue not being preserved for review on appeal from PCR). Accordingly, all of the

petitioner's grounds except Subpart Five of Ground Two[3] are procedurally barred absent a showing of cause and prejudice or actual innocence.

"[A] federal court ordinarily may not consider claims that a petitioner failed to raise at the time and in the manner required under state law unless 'the prisoner demonstrates cause for the default and prejudice from the asserted error.'" *Teleguz v. Pearson*, 689 F.3d 322, 327 (4th Cir. 2012) (quoting *House v. Bell*, 547 U.S. 518, 536 (2006)). To show cause, a petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule," *Murray v. Carrier*, 477 U.S. 478, 488 (1986), or that "the factual or legal basis for the claim was not reasonably available to the claimant at the time of the state proceeding." *Roach v. Angelone*, 176 F.3d 210, 222 (4th Cir. 1999). "Alternatively, Petitioner may prove that failure to consider the claims will result in a fundamental miscarriage of justice." *McCarver v. Lee*, 221 F.3d 583, 588 (4th Cir. 2000) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). A fundamental miscarriage of justice equates to the conviction of someone who is actually innocent. However, "actual innocence" requires "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

In *Martinez v. Ryan*, 132 S.Ct. 1309, 1315 (2012), the United States Supreme Court carved out a "narrow exception" that modified the "unqualified statement in *Coleman* [*v. Thompson*, 501 U.S. 722, 754-55 (1991)] that an attorney's ignorance or inadvertence in a postconviction proceeding does not qualify as cause to excuse a procedural default." In *Martinez*, the Court

> read *Coleman* as containing an exception, allowing a federal habeas court to find "cause," thereby excusing a defendant's procedural default, where (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the

---

[3]The respondent argues that all of Ground Two is procedurally barred, but failed to include Subpart Five in the recitation of the petitioner's grounds for relief in his federal petition (*see* doc. 15, m.s.j. at 5, 10).

> "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law requires that an "ineffective assistance of trial counsel [claim] ... be raised in an initial-review collateral proceeding."

*Trevino v. Thaler*, 133 S.Ct. 1911, 1918 (2013) (quoting *Martinez*, 132 S. Ct. at 1318-19, 1320-21). The Court in *Martinez* also noted:

> When faced with the question whether there is cause for an apparent default, a State may answer that the ineffective-assistance-of-trial-counsel claim is insubstantial, i.e., it does not have any merit or that it is wholly without factual support, or that the attorney in the initial-review collateral proceeding did not perform below constitutional standards.

132 S. Ct. at 1319.

As discussed above, Grounds One, Two (with the exception of Subpart Five), and Three were ruled upon by the PCR court but were not raised in the PCR appeal. In his response in opposition to the motion for summary judgment, the petitioner argues that his PCR appellate counsel "didn't put any defense into Petitioner's PCR Appeal" (doc. 21, resp. to m.s.j. at 5). The petitioner claims he "asked his Defense Counsel to argue all of the issues in his PCR Appeal as was argued in his PCR case. Defense Counsel failed to argue these issues" (*id.* at 6). The petitioner's claim of ineffective assistance of PCR appellate counsel cannot constitute cause to excuse the default of these grounds. *Coleman*, 501 U.S. at 757 ("Because Coleman had no right to counsel to pursue his appeal in state habeas, any attorney error that led to the default of Coleman's claims in state court cannot constitute cause to excuse the default in federal habeas."); *see also Martinez*, 132 S.Ct. 1309, 1319–20 ("*Coleman* held that an attorney's negligence in a postconviction proceeding does not establish cause, and this remains true except as to initial-review collateral proceedings for claims of ineffective assistance of counsel at trial. . . . The rule of *Coleman* governs in all but the limited circumstances recognized here."). Furthermore, the petitioner

has not shown that failure to consider these claims will result in a fundamental miscarriage of justice. Accordingly, Grounds One, Two (with the exception of Subpart Five), and Three are procedurally barred from federal habeas review.

Ground Four was raised in his PCR application and his amendments to the application (app. 22-23). The PCR court acknowledged the issue was raised by the petitioner (app. 89). However, no evidence was presented in support of this allegation (*see* app. 47-87). In the Order of Dismissal, the PCR court denied and dismissed "any and all allegations that were raised in this application or at the hearing in this matter and not specifically addressed in this Order," finding that the petitioner "failed to present any evidence regarding such allegations. . . . Accordingly, [the PCR] Court f[ound] the Applicant waived such allegations and failed to meet his burden of proof regarding them" (app. 94). The petitioner did not file a Rule 59(e) Motion to Alter or Amend. Thus, this ground was barred from state appellate consideration. Accordingly, it is procedurally barred here. Moreover, the petitioner has not shown cause and prejudice or actual innocence to excuse the default. To the extent the petitioner claims that his PCR counsel was ineffective for failing to raise the issue in the PCR hearing or in a Rule 59 motion, cause has not been shown because the claim does not have merit as will be discussed below. *See Martinez*, 132 S. Ct. at 1319 ("When faced with the question whether there is cause for an apparent default, a State may answer that the ineffective-assistance-of-trial-counsel claim is insubstantial, i.e., it does not have any merit or that it is wholly without factual support ....").

*Merits*

Title 28, United States Code, Section 2254(d) and (e) provides in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was

> adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(d), (e).

The Fourth Circuit Court of Appeals has stated as follows regarding the standard of review in cases, like the instant case, that are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"):

> For a claim that was adjudicated on the merits in state court proceedings, this Court will not issue a writ of habeas corpus under the AEDPA unless (a) the state court decision is in "square conflict" with Supreme Court precedent that is controlling as to law and fact or (b) if no such controlling decision exists, "the state court's resolution of a question of pure law rests upon an objectively unreasonable derivation of legal principles from the relevant [S]upreme [C]ourt precedents, or if its decision rests upon an objectively unreasonable application of established principles to new facts." *Green v. French*, 143 F.3d 865, 870 (4th Cir.1998). "In other words, habeas relief is authorized only when the state courts have decided the question by interpreting or applying the relevant precedent in a manner that reasonable jurists would all agree is unreasonable." *Id.* When a petitioner has properly presented a claim to the state court but the state court has not adjudicated the claim on the merits, however, our review of questions of law and mixed questions of law and fact is *de novo*. *See Jones v. Jones*, 163 F.3d 285, 299-300 (5th Cir.1998) (applying pre-AEDPA *de novo* standard of review to claims of ineffective assistance of counsel that were properly raised, but not adjudicated on merits in state court).

13

*Weeks v. Angelone*, 176 F.3d 249, 257-58 (4th Cir. 1999).

### *Ground Two (Subpart Five)*

In Ground Two (Subpart Five), the petitioner alleges: "Counsel issued erroneous advice to me as to the length of sentence I would receive by entering my plea" (doc. 1, pet. at 7). This issue was more specifically presented in the PCR application and *Johnson* Petition for Writ of Certiorari in the South Carolina Supreme Court as: "Whether plea counsel was ineffective in incorrectly advising petitioner that the charges he was pleading guilty to were classified as non-violent and parole eligible?" (app. 22; doc. 15-3, *Johnson* pet. at 3).

To be entitled to relief on an ineffective assistance claim, the petitioner had to have shown in state court that (1) trial counsel's performance fell below an objective standard of reasonableness, and (2) a reasonable probability exists that but for counsel's error, the result of that proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–94 (1984). However, the review of ineffective assistance of counsel claims in federal habeas is not simply a new review of the merits; rather, habeas review is centered upon whether the state court decision was reasonable. *See* 28 U.S.C. § 2254(d). Additionally, each step in the review process requires deference—deference to counsel and deference to the state court that previously reviewed counsel's actions:

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both "highly deferential," and when the two apply in tandem, review is "doubly" so. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Harrington v. Richter*, 562 U.S. 86, 104 (2011) (internal citations omitted).

"It is beyond dispute that a guilty plea must be both knowing and voluntary." *Parke v. Raley*, 506 U.S. 20, 28-29 (1992). *See also Boykin v. Alabama*, 395 U.S. 238, 242 (1969) ("[A] guilty plea should only be accepted where the record evidences 'an affirmative showing that it was intelligent and voluntary.' "). "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel" was incompetent. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). In order to satisfy the prejudice requirement of *Strickland* following a guilty plea, a petitioner who alleges ineffective assistance of counsel must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (footnote omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

Applying the relevant *Strickland*, *Hill*, and *Boykin* standards, the PCR court ruled in relevant part:

> Plea counsel testified the State made an offer for a ten-year negotiated sentence. Plea counsel testified he and his investigator reviewed this offer with the Applicant more than once. Plea counsel testified he explained the nature of a negotiated sentence and its advantages and disadvantages. Plea counsel testified the Applicant was pleased with the ten-year negotiated offer because it would be concurrent to the sentence he was already serving. Plea counsel testified he did not recall telling Applicant this would be a non-violent sentence.
>
> \*\*\*
>
> The Applicant stated plea counsel told him he would be pleading guilty to a non-violent sentence.

15

> Regarding the Applicant's claims of ineffective assistance of counsel, this Court finds the Applicant has failed to meet his burden of proof. This Court finds the Applicant's testimony is not credible, while also finding plea counsel's testimony is credible. This Court further finds plea counsel adequately conferred with the Applicant, conducted a proper investigation, and was thoroughly competent in his representation.
>
> The Applicant admitted to the plea judge that he was guilty and the facts recited by the solicitor were true. (Plea transcript, p. 9; p. 11). The Applicant also told the plea judge that he understood the trial rights he was waiving in pleading guilty, was satisfied with counsel, and had not been coerced in any way. (Plea transcript, pp. 9-11).
>
> * * *
>
> This Court finds the Applicant failed to meet his burden of proving plea counsel misadvised him that he was pleading guilty to a non-violent sentence. This Court notes plea counsel testified he did not recall telling the Applicant he would serve a non-violent sentence. This Court finds plea counsel's testimony is credible. This Court notes plea counsel is an experienced criminal defense attorney and would be well-aware that a trafficking cocaine charge would be classified as violent. *See* S.C. Code Ann. § 16-1-60 (Supp. 2006). As such, this Court finds it is highly improbable plea counsel would have advised the Applicant would be serving a non-violent sentence in this case.
>
> Accordingly; this Court finds the Applicant has failed to prove the first prong of the *Strickland* test – that plea counsel failed to render reasonably effective assistance under prevailing professional norms. The Applicant failed to present specific and compelling evidence that plea counsel committed either errors or omissions in his representation of the Applicant. This Court also finds the Applicant has failed to prove the second prong of *Strickland* – that he was prejudiced by plea counsel's performance.
>
> This Court concludes the Applicant has not met his burden of proving counsel failed to render reasonably effective assistance. This Court also concludes the Applicant has failed to meet his burden of proving his guilty plea was not knowing and voluntary. *See Frasier v. State*, 351 S.C. at 389, 570 S.E.2d at 174.

(App. 91–94).

The PCR court's credibility determination in favor of plea counsel's testimony constitutes a factual determination entitled to deference. *Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1) ("for a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear)). The petitioner has failed to rebut the presumption of correctness of this finding by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Furthermore, the petitioner has failed to show prejudice under *Strickland* and *Hill* by showing that, but for counsel's alleged errors, he would not have pleaded guilty and would have insisted on going to trial. As the PCR court noted, "[P]lea counsel managed to secure a beneficial negotiated ten-year sentence for the charges at issue" and "dismissal of several other charges. The guilty plea transcript indicates [the petitioner] was aware of the nature and terms of the negotiated sentence" (app. 93) (citation omitted).

The petitioner has made no showing that the PCR court either made an unreasonable determination of the facts or unreasonably applied federal law in denying relief upon this claim. Therefore, the petitioner is not entitled to relief pursuant to 28 U.S.C. § 2254(d)(1) on this ground. *See Christian v. Ballard*, No. 13-7333, 2015 WL 4098255, at *24 (4th Cir. July 8, 2015) ("Christian may well have developed 'buyer's remorse.' J.A. 555. However, a defendant's decision to plead 'guilty generally involves a conscious decision to accept both the benefits and burdens of a bargain [and][t]hat decision [should] not be lightly undone by buyer's remorse on the part of one who has reaped advantage from the purchase.'") (citation omitted).

***Ground Four***

In Ground Four, the petitioner alleges that his plea counsel failed to inform him of his right to appeal. As noted above, this ground for relief is procedurally barred absent a showing of cause and prejudice or actual innocence. To the extent the petitioner claims that his PCR counsel was ineffective for failing to raise the issue in the PCR hearing

17

or in a Rule 59 motion, cause has not been shown because the claim does not have merit. *See Martinez*, 132 S. Ct. at 1319 ("When faced with the question whether there is cause for an apparent default, a State may answer that the ineffective-assistance-of-trial-counsel claim is insubstantial, i.e., it does not have any merit or that it is wholly without factual support . . . .").

The United States Supreme Court has held as follows regarding an attorney's duty to consult with a defendant about an appeal:

> We . . . hold that counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known. *See* [*Strickland* 466 U.S.] at 690, 104 S.Ct. 2052 (focusing on the totality of the circumstances). Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings. Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights. Only by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal.

*Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000). The Supreme Court of South Carolina has held that, "absent extraordinary circumstances, there is no constitutional requirement that a defendant be informed of the right to a direct appeal from a guilty plea." *Weathers v. State*, 459 S.E.2d 838, 839 (S.C. 1995).

Here, the petitioner has failed to show any evidence that he demonstrated to his plea counsel that he had an interest in an appeal. Moreover, he has failed to show that

18

a rational defendant would want to appeal. The record clearly shows that he received the sentence bargained for as part of the plea. As the PCR court found, "[P]lea counsel managed to secure a beneficial negotiated ten-year sentence for the charges at issue. This Court further notes this negotiation also involved the dismissal of several other charges. (Plea transcript, p.9). The guilty plea transcript indicates the Applicant was aware of the nature and terms of the negotiated sentence" (App. 93). Based upon the foregoing, this ineffective assistance of counsel claim is wholly without factual support, and, therefore, the petitioner has failed to show cause for his procedural default of this ground. *See Martinez*, 132 S. Ct. at 1319 ("When faced with the question whether there is cause for an apparent default, a State may answer that the ineffective-assistance-of-trial-counsel claim is insubstantial, i.e., it does not have any merit or that it is wholly without factual support ...."). Accordingly, this ground for relief is procedurally barred from federal habeas review. *See Coleman*, 501 U.S. at 750 ("In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.").

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended that the respondent's motion for summary judgment (doc. 14) be granted. It is also recommended that the district court deny a certificate of appealability. The attention of the parties is directed to the notice on the next page.

s/ Kevin F. McDonald
United States Magistrate Judge

July 22, 2015
Greenville, South Carolina

19

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court
United States District Court
300 East Washington Street — Room 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).