IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Edmond Jerome Mayes, # 281710, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6:14-4649-TMC |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Warden Leroy Cartledge, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, a state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that Respondent's motion for summary judgment be granted. (ECF No. 29). Petitioner was advised of his right to file objections to the Report, and he has filed objections. (ECF No. 38).

The magistrate judge makes only a recommendation to the court. The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In making that determination, the court is charged with conducting a de novo review of those portions of the Report to which either party specifically objects. *See* 28 U.S.C. § 636(b)(1). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. *Id*.

As noted above, Petitioner filed objections to the Report which the court has carefully reviewed. Petitioner's objections merely restate the arguments he made to the magistrate judge. The objections are also unspecific to the dispositive portions of the Report. Petitioner re-asserts that his plea counsel issued erroneous advice as to the length of the sentence he would receive if

1

he entered a guilty plea.  The court agrees with the analysis of this claim by the magistrate judge that based on the entire record, Petitioner has failed to meet the requirements of *Strickland v. Washington*, 466 U.S. 668 (1984), and *Hill v. Lockhart*, 474 U.S. 52 (1985), and that this claim has no merit.  Petitioner also re-asserts that trial counsel was ineffective for failing to inform him of his right to directly appeal his guilty plea and for failing to file a direct appeal of his guilty plea.  (ECF No. 38 at 3–4).  As discussed by the magistrate judge, the Petitioner is procedurally barred from raising this claim in his petition.  (ECF No. 29 at 12).  The magistrate judge nonetheless discussed the merits of this claim, concluding that it is without merit.  (ECF No. 29 at 17–19).  The court finds that the magistrate judge's discussion of this claim is well-reasoned.

Therefore, after a thorough review of the Report and the record in this case pursuant to the standard set forth above, the court finds Petitioner's objections are without merit and adopts the Report.  Accordingly, Respondent's motion for summary judgment (ECF No. 14) is **GRANTED**.

Additionally, a certificate of appealability will not issue to a prisoner seeking habeas relief absent "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In this case, the court finds that the petitioner has failed to make a substantial showing of the denial of a constitutional right.  Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

September 3, 2015
Anderson, South Carolina